In the Matter of CORTLANDT C. WOODBURN, an Attorney,
Respondent.

First Department, February 20, 1925.

**Attorney and client — disciplinary proceedings — charge of conversion
of money collected in settlement of action for client in 1911 not
sustained — proceedings dismissed.**

Disciplinary proceedings instituted against an attorney and counselor at law
based on the alleged conversion by the attorney in 1911 of moneys collected
for a client in settlement of an action are dismissed, since the evidence does not
sustain the charges.

DISCIPLINARY proceedings instituted by the Association of the
Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Theodore Baumeister*, for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and
counselor at law in the State of New York at the November, 1901,
term of the Appellate Division in the Second Department, and has
practiced as such attorney since his admission.

The petition charges that the respondent has been guilty of
misconduct as an attorney at law as follows:

That in 1910 one Annie Miller retained the respondent to
recover damages in her behalf from the New York, New Haven
and Hartford Railroad Company for injuries suffered in an accident.
In the month of April, 1911, without the knowledge or consent of
the complainant, the respondent negotiated a settlement of his
client's claim and received from the railroad company the sum of
$1,000, all of which he converted to his own use. For a period
of upwards of eleven years he concealed from his client the fact
that her claim had been settled or that he had received any money
from the railroad company, and his client was led to believe that
her claim had been abandoned.

The charge is a serious one and, if sustained by a fair preponder-
ance of the evidence, would result in the disbarment of the
respondent. We have examined the testimony with great care,
because of the nature of the charge and the serious consequences
to the respondent involved. The only witness for the petitioner
was Mrs. Miller. She was flatly contradicted not only by the
respondent but by her own daughter. Upon being recalled to the
stand she practically withdrew all her original testimony, stating
that Mr. Woodburn's evidence that after he collected the $1,000

the same day he called her up on the telephone and told her that he had a check and that she said: " How soon will you bring up the money," and Mr. Woodburn said he would be up in about an hour, and after some conversation regarding the amount of the fee he was to have, he gave her $540 in cash, that being her share of the $1,000, was true, and being asked if she remembered what she had testified previously, she said: " Possibly I did and possibly I didn't. My memory is very poor because I had a fall on the sidewalk and I had the ceiling come down on top of my head, and it has made me, you know, a little off." And she further said that her former testimony was untrue.

In view of the fact that the transaction out of which the charges grew occurred in 1911 and of the absolutely contradictory statements made by the only witness for the petitioner, we are forced to the conclusion that the charge made was not proven and hence this proceeding should be dismissed.

DOWLING, FINCH, McAVOY and MARTIN, JJ., concur.

Proceeding dismissed. Settle order on notice.